IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
F.B.N. SHIPPING SOLUTIONS, INC.,  )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   No.  11 C 2932
                                  )
PNC FINANCIAL SERVICES GROUP,     )
INC., et al.,                     )
                                  )
            Defendants.           )
```

<u>MEMORANDUM ORDER</u>

PNC Bank, National Association ("PNC") has just filed its Answer and Affirmative Defenses ("ADs") to Count III of the Complaint brought against it by F.B.N. Shipping Solutions, Inc. ("FBN"). This memorandum order is issued sua sponte to address a problematic aspect of that responsive pleading.

Many (too many) of the paragraphs of PNC's Answer (Answer ¶¶5-8, 10, 12 and 15 (the latter in all but one subparagraph)) begin in this fashion:

> PNC refers to the contents of the documents which are the best evidence of their contents and denies the allegations of paragraph -- to the extent they mischaracterize the cited documents.

That is totally unacceptable, for it leaves the reader to guess what PNC and its counsel believe to be "mischaracterizations." That subverts the federal concept of notice pleading that applies to defendants and plaintiffs alike. Accordingly all of those paragraphs of the Answer are stricken, but with leave granted to

replead in proper fashion on or before August 26, 2011.[1]

Finally, this Court expresses no view either way as to the appropriateness and viability of the ADs that follow PNC's Answer.  If FBN perceives any deficiencies there, it would be its burden to raise them by motion (note that Rule 7(a) does not allow ADs to be answered).

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  August 15, 2011

---

[1] In that respect, it is also improper for PNC to have denied FBN's allegations outright because of the latter's failure to attach "Checks" to the Complaint.  It would seem that at most PNC could seek to invoke the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5), and even that possibility must be considered carefully as to FBN's various allegations in order not to flout the directives in Rule 8(b)(1) through (4).