IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
F.B.N. SHIPPING SOLUTIONS, INC.,)
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 11 C 2932
                                )
PNC FINANCIAL SERVICES GROUP,   )
INC., et al.,                   )
                                )
          Defendants.           )
```

MEMORANDUM ORDER

Counsel for defendant PNC Bank, National Association ("PNC") has just weighed in with his third effort at a pleading response to Count III of the Complaint brought by F.B.N. Shipping Solutions, Inc. ("FBN")--PNC's Second Amended Answer and Affirmative Defenses (for simplicity, "Answer" and "ADs")--as directed by this Court's most recent August 30 memorandum order ("Order") that criticized counsel's second such effort. That revised pleading has been accompanied by a mea culpa that in part disclaims "counsel's intent to cause any delay in the case or to be opaque or obtuse." This Court accepts the apology contained in the latter document, but it remains of the view that an appropriate sanction is in order.

For one thing, this Court's reading of the new pleading suggests that a good many of the now-explained denials of FBN's allegations may be based on distinctions without a substantive difference. It will certainly be interesting to learn, for example, the circumstances under which PNC can advance, in the

required objective good faith, a denial that the proceeds of payment of the "Checks" (as defined in the Complaint) were received by FBN (see Answer ¶6). It sounds from PNC's references to "GA Unity" in other portions of the Answer and in the ADs that FBN itself did not receive the funds (although the stance taken in the ADs might relieve PNC of legal responsibility for funds that were credited to the account of GA Unity instead).

One additional item, although concededly minor, bears mention as an example of the reason that the acknowledged "bruise to counsel's pride" (Counsel's Statement at 3) is not fully adequate to the task of settling on a reasonable sanction. Counsel's Statement at 2-3 persists in seeking to justify PNC's earlier Fed. R. Civ. P. 8(b)(5) disclaimer of the allegation in Complaint ¶10 (which reads simply "Some of the Checks bore restrictive endorsements") by reasserting that "the term restrictive endorsement was not defined in that paragraph" (Counsel's Statement at 3). That position was described as "simply bogus" in the Order, and it remains so today--it once again ignores entirely FBN's allegations that follow in Complaint ¶¶11 and 12 and give content (if indeed any is required) to the term.

There is no need to parse the new pleading or Counsel's Statement any further--enough effort has been expended on the matter already. It is plain that some sanction is in order and

2

that, for example, counsel's being ordered to write an appropriate expression of remorse 100 times on a blackboard would not suffice--instead a monetary sanction is the appropriate response, and counsel appears to acknowledge as much.

In that respect Counsel's Statement at 3 has suggested "something similar to the sanction imposed [by this Court's colleague Honorable Marvin Aspen] in <u>Muraoka v. American Osteopathic Ass'n</u>, 117 F.R.D. 616 (1987)," and counsel recognizes at the next page of his statement that $300 in the law practice a quarter century ago would amount to something very different in today's terms. It's scarcely worth the time and effort to seek out the figures for 1987 hourly rates and lawyers' income so as to make comparisons to today's numbers--instead this Court imposes a sanction in the sum of $1,000 (the midpoint of counsel's suggested range of $500 to $1,500), with some confidence that the amount is a conservative reflection of the explosion that has taken place in lawyers' earnings during the last quarter century. Counsel is ordered to pay that sum to the Clerk of Court on or before September 26, 2011.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 15, 2011